THE HISTORICAL PUBLISHING COMPANY, Appellant, v. THE ADAMS EXPRESS COMPANY, Respondent.

St. Louis Court of Appeals, April 7, 1891.

Common Carriers: LIMITATION OF LIABILITY. Notwithstanding the statute (R. S. 1889, sec. 944) a common carrier may agree to carry goods to the terminus of its own route only, and stipulate for a cessation of its liability as a common carrier beyond that point.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Augustus L. Abbott* and *Lee W Grant*, for appellant.

*Laughlin, Kern & Tansey*, for respondent.

ROMBAUER, P. J.—The plaintiff delivered to the defendant, in the city of St. Louis, a package, marked, Jas. E. Riddle, Ashton, Louisiana. The package was safely carried to Cairo, Illinois, which is admitted to be the terminus of the defendant's route, and was there delivered to a connecting carrier for further transportation. The plaintiff paid to the defendant charges to final destination. The package was not delivered at Ashton, nor was any explanation made of cause of non-delivery. The shipment was made under a written contract, designated as a domestic bill of lading, which recited: "It is mutually agreed that it (the package) is to be forwarded to our agency, nearest or most convenient to destination only, and there delivered to other parties to complete the transportation," and also recites: "It is part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property, while being conveyed by the carriers to whom the same may be by said express company intrusted." Upon this evidence the trial court found for the defendant, and the plaintiff, appealing, contends that the finding was erroneous, because, under the provisions of section 944 of the Revised Statutes of 1889, and the conceded facts, the defendant was liable for the negligence of a connecting carrier, it having received the package for transportation to a point beyond its route.

The case in many of its features is identical with that of *F. A. Drew Glass Co. v. Railroad, ante,* p. 416.

We held in that case on the authority of *Dimmitt v. Railroad*, 103 Mo. 533, recently decided by the supreme court, that a common carrier in this state may, notwithstanding the statute, agree to carry goods to the terminus of its own route only, and stipulate for a cessation of its liability as a common carrier beyond that point. The ruling of the trial court was in conformity with that view, and its judgment must be affirmed. So ordered. All the judges concur.