C. J. GRIFFITH, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1905.

1. **PASSENGER CARRIERS: Baggage: Check: Ticket.** A check for a passenger's baggage is not a contract but a token for identifying the passenger and his baggage at their destination; but the ticket evidences the special contract for the carriage of both the passenger and his baggage.

2. ————: ————: **Statute: Common Law.** A contract for transporting a passenger's baggage is an incident for his carriage, and section 5222, Revised Statutes 1899, is limited to contracts of affreightment and does not apply to the carriage of baggage, which must be determined by the common law.

3. ————: ————: **Connecting Carrier: Liability.** A common carrier is not liable for losses beyond its own lines, except by express contract or a partnership arrangement with the connecting carrier.

4. ————: ————: **Implication: Contract.** The issuing of a ticket for passage and the acceptance of through fare would imply responsibility for the entire journey, but such presumption is destroyed by the express terms of a special contract and the carrier may so limit his liability.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED.

*Gardiner Lathrop, Samuel W. Moore* and *Samuel W. Sawyer* for appellant.

(1) The ticket sold to the plaintiff was not a contract for through transportation, but was the separate contract of each line of railway over which its coupons provided for transportation, and, therefore, the defendant is not liable for the loss of baggage by a connecting line, inasmuch as the contract signed by the plaintiff expressly provided that the defendant should not be so liable. 3 Am. and Eng. Ency. of L. (2 Ed.), 580; Hutchinson, Carriers, sec. 578; 4 Elliott, Railroads, sec. 1596; Railway v. McCann, 174 U. S. 580; Dimmitt v. Railway, 103 Mo. 433; Nines v. Railway, 107 Mo. 475; McCann v. Eddy, 133 Mo. 59; Miller v. Railway, 138 Mo. 658; Sash & Door Co. v. Railway, 177 Mo. 641; Lin v. Railway, 10 Mo. App. 125; Crouch v. Railroad, 42 Mo. App. 248; Drew v. Railway, 44 Mo. App. 416; Minter v. Railroad, 56 Mo. App. 282; Cherry v. Railway, 61 Mo. App. 303; Bank v. Railway, 72 Mo. App. 82; Popham v. Barnard, 77 Mo. App. 619; Felton v. Railway, 86 Mo. App. 332; Nenno v. Railway, 105 Mo. App. 540; Hickox v. Railway, 31 Conn. 281, 83 Am. Dec. 143; Isaacson v. Railway, 94 N. Y. 278, 46 Am. Rep. 142, 16 Am. and Eng. Railroad Cas. 188; Hyman v. Railway, 66 Hun (N. Y.) 202; Railway v. Ions, 3 Tex. Civ. App. 619, 22 S. W. 1011; St. Clair v. Railway, 77 Miss. 789, 28 So. 957; Knight v. Railway, 56 Me. 234, 96 Am. Dec. 449; Young v. Railway, 115 Pa. St. 112, 28 Am. and Eng. Railroad Cas. 14; Railway v. Spayberry, 9 Heisk. (Tenn.) 852; Railway v. Mulford, 162 Ill. 522, 44 N. E. 861, 35 L. R. A. 599; Hood v. Railway, 22 Conn. 1; Felder v. Railway, 21 S. C. 35, 53 Am. Rep. 656; Trust Co. v. Wabash, 31 Fed. Rep. 247; Hartan v. Railway, 114 Mass. 1; McWethy v. Railway, 55 L. R. A. 306; Railway v. Harrison, 80 S. W. 1139; Railway v. Schwarzenberger, 45 Pa. St. 208, 84 Am. Dec. 490. (2) Section 5222, Revised Statutes 1899, is not applicable to the carriage of passen-

gers and baggage, and therefore, does not prevent a carrier from limiting its liability to its own line, even where it contracts for through transportation. Hutchinson, Carriers, sec. 578; Lin v. Railway, 10 Mo. App. 125; Cherry v. Railway, 61 Mo. App. 303; Railway v. Ions, 3 Tex. Civ. App. 619, 22 S. W. 1011.

*Russell Kneisley* for respondent.

No briefs filed.

JOHNSON, J.—This action was brought before a justice of the peace to recover damages for the loss of baggage checked by plaintiff for carriage from Carrollton, Missouri, to Hydro, Oklahoma. The case was appealed to the circuit court, where plaintiff had judgment in the sum of forty dollars. Defendant appealed.

Plaintiff testified as follows: "On May 6, 1902, I purchased from defendant at Carrollton, Missouri, two round-trip tickets to Weatherford, Oklahoma. *These tickets were made out over the defendant railroad to Oklahoma City and from thence to Weatherford over the Choctaw, Oklahoma & Gulf railroad.* Oklahoma City is the point at which these two roads cross each other and is the point at which passengers transfer from one road to the other. I paid twelve dollars each for these two tickets. At the same time, I obtained these tickets, I delivered to defendant's station agent at Carrollton a telescope grip containing certain clothing of mine and had it checked to Hydro, Oklahoma. Hydro is an intermediate point in Oklahoma this side of Weatherford and on the Choctaw, Oklahoma & Gulf railroad. I intended to stop off at Hydro a few days. . . . I got on defendant's train and rode from Carrollton to Oklahoma City. At that point, I transferred to the Choctaw, Oklahoma and Gulf railroad and rode to Hydro." Plaintiff presented his check and demanded the baggage at Hydro,

114 app—38

but did not receive it as it had been lost in transit. Plaintiff introduced in evidence his check, which read as follows: "The A. T. & S. F. Ry. Co. from Carrollton, Mo., to Hydro, O. T., via A. T. & S. F. Ry. Co. and C. O. & G., Junction Point, Oklahoma City. No. F. 39532." Defendant offered in evidence the ticket upon which the baggage was checked, the material portions of which read as follows: "Issued by The Atchison, Topeka & Santa Fe Railway Company from Carrollton, Mo., to Weatherford, O. T., and return, when officially stamped on the back hereof by the terminal agent and presented with coupons attached, in accordance with terms of following contract: First, *in selling this ticket for passage over other lines, this company acts only as agent and assumes no responsibility beyond its own line;* second, baggage liability of any company is limited to wearing apparel not exceeding $100 in value; third, it is subject to the rules and regulations of each line over which it reads and may be exchanged in whole or in part for a ticket or check, conforming to such regulations; . . . ninth, the purchaser's signature shall be in manuscript and in ink. I, the purchaser, hereby accept and agree to be governed by all the conditions as stated in the going and returning portions of this ticket.—C. J. Griffith, purchaser." Attached to the ticket were coupons covering the several stages of the trip. One of these read over defendant's line from Carrollton to Oklahoma City and another over the line of the connecting carrier from the latter point to Weatherford. The two roads were not jointly operated, but belonged to different and independent corporations. It appears that defendant safely carried the baggage to the junction point and there delivered it to a transfer company, which hauled it to the station of the Choctaw road and delivered it in good order to the agent of that road. The loss occurred upon the line of the connecting carrier.

A jury was waived. The court, in its rulings upon the declarations of law requested by the parties, held de-

fendant liable for the safe carriage and delivery of the baggage by the Choctaw road. Evidently, the law declared was based on the conclusion that defendant delivered the baggage in good condition to its connecting carrier and, in our discussion, we will assume this to be the fact. Indeed, no other conclusion is possible under the uncontroverted facts adduced.

It is apparent from the evidence before us that, when the baggage was checked, plaintiff had actual knowledge of the facts that defendant's line did not extend beyond Oklahoma City; that an independent carrier would be called into service between that point and his destination and that defendant in the contract accepted by him was with his consent attempting to limit its own liability touching the carriage of his baggage to that incurred from its own negligence. We are therefore relieved from the necessity of passing upon the questions arising from a passenger's ignorance of the presence upon the face of his ticket of conditions limiting the carrier's liability.

We have not been favored by respondent with a brief, but, from the argument of appellant, infer the learned trial judge treated the baggage check received by plaintiff as a contract of affreightment for the carriage of property falling within the purview of Revised States 1899, section 5222, and applied the construction of that statute appearing in the following cases: Western Sash & Door Co. v. Railway, 177 Mo. 641; McCann v. Eddy, 133 Mo. 59; Marshall v. Railway, 176 Mo. 480; Popham v. Barnard, 77 Mo. App. 619.

Under Revised Statutes 1899, section 1100, defendant was required to issue a check for the baggage, but the check expressed no contract between the parties and is to be considered but as a token by which the plaintiff was to be enabled to identify his property and himself to be identified at its destination as the person entitled to receive it. [Hutchinson on Carriers, section 578; 3 Am. and Eng. Ency. of Law, 580.] The ticket before us purported, and under the testimony of plaintiff should

be held, to evidence the special contract made by the parties themselves for the transportation of plaintiff's person and baggage and, to the extent that carrier and passenger are permitted by law to affect by contract the liability of the former, fixed the measure of that liability. [Aiken v. Railroad, 80 Mo. App. 8; Railway Co. v. Ions, 3 Texas Civil App. 619.]

Eliminating the baggage check, we will next consider the relation, if any, of section 5222 to the contract evidenced by the ticket. The liability of a carrier with respect to the transportation of a passenger's baggage, forwarded under the checking system in general vogue in this country, is analogous in principle to that relating to the carriage of freight. But this analogy does not, of itself, classify the contract with those for the affreightment of property. A contract for the transportation of baggage under the checking system is an incident to that for the carriage of the passenger. [Felton v. Railway, 86 Mo. App. 1. c. 335.] As the baggage of the latter is understood to consist of articles for personal use, such as wearing apparel and the like, which are intended to be used during the journey or immediately thereafter (Spooner v. Railway, 23 Mo. App. 403), it will be assumed in the absence of an express agreement to the contrary that, in the checking thereof, the carrier and passenger both contemplate and understand that the baggage is to be forwarded with the same expedition as that employed in the carriage of the passenger himself, so that it will be available for the intended use. For this purpose, cars specially provided for the carriage of such property are included in the equipment of all passenger trains. Baggage is seldom if ever prepared for shipment as freight, and it would be a violation of contract duty for the carrier to forward it upon freight trains. The carriage of such property belongs to a distinct branch of service that co-operates with the passenger service, and statutes applying exclusively to freight traffic are without effect upon the rules controlling the trans-

portation of the passenger or his baggage. [Hutchinson on Carriers, section 578.] An examination of section 5222 discloses the legislative purpose to limit its scope to contracts of affreightment. The subject before us is not in that field and is to be determined by the common law. In Central Trust Co. v. Railway Co., 31 Fed. Rep. 247, under facts similar to those before us, the Court of Appeals speaking through THAYER, J., thus stated the rule: "A common carrier is not liable for losses sustained beyond the terminus of its own line unless it has assumed such liability by express contract or unless some arrangement in the nature of a partnership exists between it and connecting carriers." In Dimmitt v. Railway, 103 Mo. 1. c. 442, the Supreme Court said: "The prevailing rule in this country may now be said to cast upon the carrier no responsibility as a carrier beyond his own route, . . . unless the usage of the business or of the carrier, or his conduct or language shows that he takes the parcel as carrier for the whole route."

It may be conceded that the issuing of a ticket for passage to the passenger's destination and the acceptance of through fare are facts which, standing alone, would evidence an undertaking on the part of the initial carrier to assume responsibility for the entire journey, but the presumption arising from these isolated facts is completely destroyed by the express terms of the contract voluntarily made by plaintiff and which his testimony shows is evidenced by the ticket. That a common carrier may by express contract limit its common-law liability to that resulting from its own acts, is well established law. [Snider v. Express Co., 63 Mo. 1. c. 383; Coates v. Express Co., 45 Mo. 238; Elevator Co. v. Railway, 138 Mo. 1. c. 669; Lin v. Railway, 10 Mo. App. 125; Crouch v. Railway, 42 Mo. App. 248; Drew v. Railway, 44 Mo. App. 416; Sash Co. v. Railway, 177 Mo. 1. c. 654; Minter v. Railway, 56 Mo. App. 282; Cherry v. Railway, 61 Mo. App. 303; Nenno v. Railroad, 105 Mo. App. 540; Railway v. McCann, 174 U. S. 580.]

The parties did intend and agree to so limit defendant's liability. It was a contract they could make (Boling v. Railway, 189 Mo. 219), and we perceive no reason for refusing to enforce it. Defendant fully performed its duty thereunder, in safely carrying the baggage to the junction point and there delivering it to the connecting carrier. The judgment is reversed. All concur.