L. J. PATTERSON, Appellant, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, March 5, 1894.

Common Carriers: OBLIGATION OF SHIPPER TO READ BILL OF LADING. It is a duty of a shipper to read the bill of lading given for the shipment of his goods, and in the absence of fraud, imposition or mistake, his failure to do so will not avail him as a defense to the stipulations of the bill.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*A. H. Livingston* for appellant.

The bill of lading in this case was illegible, and so printed that its special provisions were an imposition and fraud. When the condition in the receipt is fair and legible, it will not avail the plaintiff to show that he did not read or see it. In such case the law presumes that he knew its contents. But in the case at bar the only way the contract could avail defendant would be by alleging and proving that plaintiff read and knew the conditions when he received the bill of lading. *Snyder v. Express Co.*, 63 Mo. 376; Hutchinson on Carriers, secs. 240, 245; Wheeler on Carriers, pp. 225, 226; *Perry v. Thompson*, 98 Mass. 249; 4 Lawson's Rights, Remedies and Practice, sec. 1850.

*Wallace Pratt* and *Olden & Orr* for respondent.

When goods are delivered to a carrier for transportation and a bill of lading is delivered to the shipper, or his agent, he is bound to examine and ascertain its contents, and, if he accepts it without objection, he is bound by its terms. *O'Bryan v. Kinney*, 74 Mo. 126; *Milligan v. Railroad*, 36 Iowa, 181; *Railroad v. Meyer*, 78 Ala. 597; *Grace v. Adams*, 100 Mass. 505; *Kirkland v. Dinsman*, 62 N. Y. 171; *Railroad v. Brownlee*, 14 Bush, 590. When it does not affirmatively appear that any fraud or imposition was practiced, or that any mistake intervened, the plaintiff is conclusively presumed to have been acquainted with the terms of the bill of lading. *Railroad v. Cleary*, 77 Mo. 631; *Mulligan v. Railroad*, 36 Iowa, 181.

BOND, J.—This is the second appeal in this case. On the former hearing in this court, the case was reversed and remanded for error in the declarations of

law given by the trial judge to whom the case was submitted for decision without the intervention of a jury. 47 Mo. App. 570. Upon a retrial there was a judgment in favor of the defendant, from which the plaintiff has prosecuted this appeal.

The petition was for breach of duty, on the part of defendant, to transport and deliver certain household goods from Willow Springs, Missouri, to Hico, Texas. The answer of the defendant admitted the reception of the goods consigned to plaintiff at Hico, Texas, and averred that the goods were carried safely to the end of defendant's line, and there delivered to a connecting carrier for further transportation. It further avers that by the terms of its contract with plaintiff it "never contracted or agreed to carry such box of goods beyond its own line, and is not liable for losses occurring after delivery to said connecting line."

The replication set forth that defendant gave a receipt and bill of lading for the shipment in question, and denied that said receipt or bill of lading contained any conditions or stipulations exempting defendant from liability for said goods after leaving its line of railroad; and it averred that, if any such conditions or stipulations were contained in said receipt or bill of lading, they were not plainly written or printed so that plaintiff or his agent could see or read or understand the same; that they were obscured and obliterated by printing the word "original" in large letters over the face of such receipt or bill of lading before it was seen by plaintiff, whereby it could not be read or understood by anyone.

It appeared from the evidence that a box of household goods was delivered to the respondent by the agent of appellant at Willow Springs, Missouri, consigned to Hico, Texas; that they were never delivered at their appointed destination; that, upon the receipt of the

goods, the bill of lading hereinafter referred to was issued by respondent, and received by the agent of appellant and transmitted by him to appellant at Hico, Texas.

There was evidence showing the value of the goods, and that the goods were safely transported by respondent to the end of its line, and delivered in good condition to a connecting carrier.

The bill of lading under which the shipment in question was made contained the following clauses: "Received from J. W. Chambers in apparent good order, by the Kansas City, Springfield & Memphis Railroad Co., the following described packages, marked and numbered as per margin, subject to the conditions and regulations of the published tariff of said company, to be transported over the line of this railway to ——— and delivered after payment of freight and advanced charges in like good order to the consignee or party in whose care they are consigned, or a connecting carrier (if the same are to be forwarded beyond the line of this company's road), to be carried to the place of destination; *it being expressly agreed that the responsibility of this company shall not extend beyond its own line.*"

Appellant concedes that respondent had a right by stipulation in the bill of lading introduced in evidence, to restrict its liability for loss or damage to such as occurred or was occasioned on its own line. *Nines v. Railroad,* 107 Mo. 475. He, however, contends that the bill of lading relied on in evidence is neither fair nor legible, because its conditions are contained in small, dark type and closely printed, and have stamped over a portion of the printed matter relied on by defendant the word "original" in large red letters.

In order to comprehend the force of this argument, we have caused the original bill of lading to be certified to this court for inspection. Revised Statutes, 1889,

section 2257.

We discover from an examination of the bill of lading that the conditions, relied on by the respondent as confining its responsibility to its own line, are printed in minion sized type of green ink and are easily readable.

It is true the word original is stamped or printed on the face of the bill of lading in large red letters, but it does not render the minion type covered by it illegible, and it does not cover that portion of the clause relied on by the respondent which restricts its responsibility to its own line; it only covers that portion of the clause which excludes liability of respondent for loss, damage or injury, caused by the negligence of any other carrier to which the property may be delivered, or over whose line it may pass. But this over-printing or over-stamping of the word "original" in red ink on the bill of lading does not render any portion of it illegible.

The court gave the following instructions for the plaintiff on this point:

"3. That if, however, the defendant, in its bill of lading or receipt, in a fair or legible written or printed stipulation or condition contained in such receipt or bill of lading, exempted itself against the loss of the goods after they had passed into the hands of some other carrier, then it is not liable for such loss.

"4. That, if the stipulation or condition contained in the bill of lading or receipt offered in evidence, and set up as defense in the answer as a contract exempting it from liability from loss by any connecting carrier, is so vague and dim and obscure that it could not be seen or read by the exercise of reasonable care or attention on part of the shipper, then the same is void and can not avail the defendant as a defense, and the finding should be for the plaintiff."

Under these declarations, the court found that the stipulation in question was not printed in such small type nor so obscured, that it could not be seen or read by the exercise of reasonable care or attention. This finding is fully borne out by an examination of the original bill of lading.

The rule is well settled in this state that it is the duty of a shipper to read the bill of lading given for his goods, and that his failure to do so is no defense to its stipulations in the absence of fraud, imposition or mistake. *St. Louis Railroad Co. v. Cleary*, 77 Mo. 634; *O'Bryan v. Kinney*, 74 Mo. 126; *Snyder v. Express Co.* 63 Mo. 376.

The bill of lading in question in the clause, *supra*, clearly confines the liability of respondent to losses or injuries on its own line.

The only question, therefore, for determination by the trier of the fact, was where the damage occurred. *Nines v. Railroad*, 107 Mo. 475. The undisputed evidence showed that the loss took place after the goods had been safely carried to the end of respondent's line and delivered to a connecting carrier. The judgment, therefore, was for the right party and is affirmed. All concur.