JOHN W. WHITE, Appellant, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, December 6, 1897.

1. **Railroads:** KILLING STOCK: JURISDICTION OF JUSTICE OF THE PEACE. A justice of the peace of one county has no jurisdiction of an action against a railroad for the killing of stock in a township in another county, although the two townships are adjoining.

2. ——: ——: ——: APPEARANCE. In such action the want of jurisdiction is not waived by the appearance of the defendant, as it is not the jurisdiction of the person but of the subject-matter that is wanting, and that defect may be taken advantage of even in the appellate court.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

The circuit court erred in giving the declarations of law asked by the defendant, and in finding for the defendant. The justice had jurisdiction of this cause, as Moniteau township, Howard county, is adjoining Missouri township, Boone county; this was plainly alleged in the petition and was fully sustained by the proof, as required by law. *Backenstoe v. R'y*, 86 Mo. 492; *Mitchell v. R'y*, 82 Mo. 106; R. S. 1889, secs. 6122 and 6126; *Crutsinger v. R'y*, 82 Mo. 64; R. S. 1889, sec. 6339; *Gant v. R'y*, 79 Mo. 502; *Bohn v. Devlin*, 28 Mo. 319; *Williamson v. R'y*, 25 Mo. App. 481; *Boulware v. R'y*, 79 Mo. 494; *Kelly v. R'y*, 86 Mo. 681; *Ser v. Bobst*, 8 Mo. 506; *Brown v. Woody*, 64 Mo. 550; *Berkley v. Kobes*, 13 Mo. App. 502; *Gibbs v. R'y*, 11 Mo. App. 459; *Reddick v. Newburn*, 76 Mo. 423; *Fitterling v. R'y*, 79 Mo. 504; *Witting v. R'y*, 101 Mo. 631; *Moore v. R'y*, 51 Mo. App. 508; *Organ Co. v. Petit*, 34 Mo. App. 545; *Nicholson v. R'y*, 55 Mo. App. 598; Sess. Acts 1891, p. 108; *Krass & Thurman v. Shipp*, 69 Mo. App. 46.

*C. B. Sebastian* and *Geo. P. B. Jackson* for respondent.

(1) In cases like this the jurisdiction of a justice of the peace is restricted to actions arising in the township where he is a justice or in an adjoining township in the same county. R. S. 1889, secs. 6125, 6122, 6126; *Backenstoe v. R. R.*, 86 Mo. 492; *Barnett v. R. R.*, 68 Mo. 56; *Creason v. R. R.*, 17 Mo. App. 111; R. S. 1889, sec. 8421. (2) The appearance by the defendant did not confer jurisdiction over this kind of a case if the statute did not give it. *Fields v. Maloney*, 78 Mo. 172–176.

GILL, J.—This action was brought before a justice of the peace of Missouri township in Boone county wherein plaintiff complained that defendant's engine and cars ran over and killed a hog at his farm located in Moniteau township, Howard county. The railroad was unfenced and the statutory double damages were asked.

The question on this appeal is, whether or not the justice of the peace of Missouri township in Boone county, where the suit was instituted, had jurisdiction to try the case, when, as already stated, the animal was killed in Moniteau township, Howard county. The two townships adjoin, though in different counties. The trial judge held that the justice had no jurisdiction of the action. If now this ruling was correct, then the judgment should be affirmed; otherwise it should be reversed.

This point was settled adversely to plaintiff's contention in *Creason v. R'y*, 17 Mo. App. 111. It was there held that the statute prescribing that "any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township" (R. S. 1889, sec. 6126) was intended to give jurisdiction only to the justice of the township where the stock was injured or killed or to a justice of an adjoining township *of the same county*. When the section referred to was considered along with the other provisions of the statute, the legislative intent was held to limit the jurisdiction to justices of the same county.

RAILROADS: killing stock: jurisdiction of justice of the peace.

The point then must be ruled against the plaintiff; and we hold, as did the circuit court, that the justice

of the peace before whom this case was brought had no jurisdiction of the subject-matter of the action.

The further suggestion in counsel's brief that defendant, by entering upon the trial, etc., had waived the objection as to jurisdiction, is of no avail. While jurisdiction as to the person of the defendant may be waived, this is not so as to jurisdiction over the subject-matter. The justice can only exercise jurisdiction over such matters as the statute expressly declares, nor can the parties even by express consent enlarge or restrict the scope thereof. Such want of jurisdiction over the subject-matter may be raised at any time, even after the case shall get into the appellate court. *Barnett v. R. R.*, 68 Mo. 56–65. "Neither is it waived by appearance and answer; nor can it be conferred by consent or agreement of parties, but only by the law." *Fields v. Maloney*, 78 Mo. 172–176, and authorities cited. "The law alone, and not consent of parties, must determine what matters each court may determine." *Brown v. Woody*, 64 Mo. 547–550.

Judgment affirmed. All concur.