JULIUS S. RECHNITZER, Respondent, v. ST. LOUIS CANDY COMPANY, Appellant.

### St. Louis Court of Appeals, January 2, 1900.

1. **Justice's Court: PLEADING AND PRACTICE: STATUTORY CONSTRUCTION.** Where a written order is the basis of an action before a justice of the peace, it should be filed with the justice (sec. 6138, R. S. 1889), and under the terms of the statute no process ought to have issued.

2. **Practice, Appellate.** This omission makes the reversal of the judgment imperative.

3. ———: ———: ———: **AMENDED STATEMENTS.** The Revised Statutes 1889, sec. 6349, only permit essential amendments in the circuit court of statements filed before justices when it shall be made to appear from the statement filed before the justice, that it was "intended" to include the amendment prayed for, and in, the case at bar there is nothing in the statement filed in this cause before the justice which indicates any specific allegation necessary to the legal sufficiency of the statement "intended" to be included in such statement.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

REVERSED.

*Frank A. C. MacManus* for appellant.

(1) The verdict was against the law. As will be seen by an examination of the record, the alleged "contract" or order was never filed or sued upon. The tabulated statement of figures filed is not sufficient to constitute a cause of action. Sections 2088, 6138, 6139, G. S.; Rosenberg v. Boyd, 14 Mo. App. 429; Swartz v. Nicholson, 65 Mo. 508; Morrow v. Sturver, 97 Mo. 161; Nutter v. Houston, 32 Mo. App. 451; Butts v. Phelps, 79 Mo. 302; Hill v. Ore and Steel Co., 90 Mo. 670, 104; Brashears v. Strock, 46 Mo. 221; Weese v. Brown, 28 Mo. App. 521; Leas v. The Pacific Express Co., 45 Mo. App. 598. (2) The failure to file or sue upon a contract only signed by one of the parties to the action, not cured by an amendment of some kind to the pleadings, was fatal. No jurisdiction was ever obtained in the cause. Demurrers do not obtain before justices or causes appealed from justices. Kane v. Dauerheim, 51 Mo. App. 636.

*John C. Robertson* for respondent.

(1) The appellant's counsel contends in his brief that the only pleading in the case is a bill copied in his brief, and that no contract, or order, as he is pleased to call it, was filed. In reply I quote from the record, page one: "Be it remembered that, heretofore, to wit, on the 27th day of September, A. D. 1898, there was filed in the office of the circuit clerk, city of St. Louis, within and for the city, aforesaid, a transcript and accompanying papers, etc." The fact is, that the contract, or order, was filed before the justice and by him sent to the circuit court, and has never been out of the courthouse since, and was offered in evidence at the hearing of this cause on both occasions. "If the instrument sued on is not filed and no reason given for not filing it, the objection must be made

by motion to require the party to file it." Christey v. Railway, 94 Mo. 453; Kingsland & Ferguson Mfg. Co. v. St. Louis Malleable Iron Co., 29 Mo. App. 526. (2) The point can not be raised for the first time in the appellate court. Failure to file note sued on can not be assigned for error in the supreme court, unless the objection was made in the court below. Peake v. Bell, 65 Mo. 224. Appellant says in its brief that the St. Louis Candy Company is sued, but that the pleadings fail to state whether the same is a corporation or co-partnership, etc.

BIGGS, J.—This action was commenced before a justice of the peace. The following paper was filed as a testament of plaintiff's cause of action, to wit:

"J. S. Rechnitzer, publisher of Hopkins Grand Opera House program and all first-class advertising mediums.

"St. Louis, June 1, 1898.

St. Louis Candy Company, Ninth and Gratiot Sts.

1897.
Sept. 26, Hopkins, 8-29; 9-5-12-19 & 26..$20.00....$25.00
Oct. 31, Hopkins, 10-3-10-17-24-31...... 20.00.... 25.00
Nov. 28, Hopkins, 11-7-14-21-28........ 20.00.... 20.00
Dec. 26, Hopkins, 12-5-12-19-26........ 20.00.... 20.00

1898.
Jan. 30, Hopkins, 1-2-9-16-23-30.......$20.00....$25.00
Feb. 27, Hopkins, 2-6-13-20-27........ 20.00.... 20.00
March 27, Hopkins, 3-6-13-20-27....... 20.00.... 20.00
April 24, Hopkins, 4-3-10-17-24........ 20.00.... 20.00
May 28, Hopkins, 5-1-8-15-22......... 20.00.... 20.00

$195.00"

There was a judgment before the justice for forty dollars, from which the plaintiff appealed. In the circuit court the cause was submitted to the court without a jury. The sufficiency of the statement was not challenged, either before

the justice, or in the circuit court, and no objection was made in the circuit court to the introduction in evidence of the following order upon which plaintiff's alleged cause of action is based, to wit:

"J. S. Rechnitzer, Publisher:

"Please insert our advertisement in the Hopkins' Grand Opera House program for the season of 1897 and '98, for which we agree to pay $20 for four weekly issues, payable monthly.

"Accepted by the St. Louis Candy Company,
"E. J. Wamganz, Secretary."

The defense was that the order for the advertisement in question was secured by plaintiff through his fraudulent representations that he could and would secure for defendant the exclusive sale of all candies to the Hopkins Grand Opera Company during the existence of the contract, and that the said purchases would amount to about four thousand five hundred dollars per annum; that this agreement was carried out by the Hopkins Company for six or eight weeks, when the company ceased to buy candy from the defendant, and that the defendant thereupon elected to cancel the contract and notified the plaintiff to discontinue the advertisement. The circuit court rendered judgment in favor of plaintiff for the entire amount. The defendant has appealed. It complains of the insufficiency of the statement; that the order was not filed with the justice, nor in the circuit court; that the court erred in rejecting competent testimony offered by the defendant; that the court erred in refusing proper instructions, and that it erred in refusing to order a new trial on account of newly discovered evidence.

There is nothing in the record to show that the written order was filed, either with the justice, or in the circuit court, and the defendant now urges this as a ground of reversal. It is somewhat doubtful whether the action is based on the

order, or is a suit on account for services rendered under the order. But treating the order as the basis of the action it should have been filed with the justice (section 6138, R. S. 1889), and under the terms of the statute no process ought to have issued. This omission makes the reversal of the judgment imperative. My associates are of the opinion that the cause should be dismissed for want of jurisdiction. To that I can not consent. I think that the cause ought to be remanded, thus affording the plaintiff an opportunity to amend by filing the instrument. Clearly this right of amendment was open to the plaintiff when the case first reached the circuit court (Dowdy v. Wamble, 110 Mo. 280), and he ought not now to be deprived of it, as no objection was made in the lower court. The tendency of legislation has been to discourage technicalities in pleadings, especially in causes begun before justices of the peace.

The judgment of the circuit court will be reversed and the cause dismissed. Judge *Bond* expresses his views in a separate opinion.

## SEPARATE OPINION.

BOND, J.—The cause of action filed in this case before the justice (quoted in Judge Biggs' opinion) consisted of the names of two parties followed only by an array of figures. It was and is a mere nullity, so far as setting forth any legal right or liability in favor of or against any person, natural or artificial, for any services or consideration whatever. It was therefore fatally defective under the multiplied decisions of the appellate courts of this state. No attempt was made to amend it when the cause was appealed to the circuit court from the justice. On the appeal to this court its legal insufficiency, as the statement of any cause of action, is urged as a ground of reversal of the judgment against the defendant in the circuit court. When the first draft of Judge Biggs' opinion was sent

to me it appeared therefrom that he thought the recovery of the plaintiff in the circuit court in excess of his recovery in the justice's court, should be reversed and the judgment should be affirmed for the amount of plaintiff's recovery in the justice's court. I was unable to see any ground upon which any portion of the judgment could be affirmed, and held that it should be reversed *in toto*, in which view Judge Bland concurred, and which view is now conceded in the opinion of Judge Biggs, who, however, thinks the cause should be remanded for an amendment of the statement. In this latter view we are unable to concur, first, because we do not think that the amendment could be properly effected in the way suggested by him; i. e., by filing the written order for the performance of the work. That order is not the foundation of the suit for services rendered; it is only evidence of the authority to perform services; it is no evidence of the actual performance of such services, and unless this was shown no cause of action could arise, hence we do not see how the filing of a portion of plaintiff's evidence could validate an abortive statement of his cause of action; secondly, as the statement filed by plaintiff before the justice gives no legal intimation of his purpose to set forth any cause of action, we are aware of no authority for the subsequent amendment of such statement in the circuit court. For the statute and decisions of the supreme court "only permit essential amendments in the circuit court of statements filed before justices, when it shall be made to appear from the statement filed before the justice, that it was 'intended' to include the amendment prayed for." R. S. 1889, sec. 6347. Dowdy v. Wamble, 110 Mo. 280. There is nothing in the statement filed in this cause before the justice which indicates any specific allegation (necessary to the legal sufficiency of the statement) "intended" to be included in such statement. We therefore adhere to the opinion that the judgment in this cause should be simply reversed. In so doing we deprive the plaintiff of no just right to recover,

since he may hereafter bring a new action, based on a statement legally sufficient to apprise defendant of what is demanded and to bar another suit, if he is so advised; but the present judgment in his favor is, with the concurrence of Judge Bland reversed.

Judge *Bland* concurs in this opinion.