NENNO, Respondent, v. CHICAGO, ROCK ISLAND
AND PACIFIC RAILWAY COMPANY, Appel-
lant.

St. Louis Court of Appeals, March 29, 1904.

1. **COMMON CARRIERS: Connecting Lines.**    Under the statute
(section 944, Revised Statutes 1889), a common carrier which
contracts to carry goods to their destination over connecting
lines, is liable for damages occurring to such goods by the
negligence of connecting lines, and it can not, in making such
contract of carriage, stipulate to exempt itself from such lia-
bility.

2. ——: ——: **Conflict of Laws.**    But where a contract was
made in Illinois for the shipment of goods from a point in that
State to a point in Missouri, over connecting lines, the statute
of Missouri does not apply, and the carrier making the con-
tract could limit its liability to damages which might occur on
its own line.

3. ——: ——: **Connecting Station.**    And the omission from
the bill of lading of the name of the station where the goods
were transferred to the connecting line did not affect the val-
idity of the exemption.

4. ——: ——: **Conflict of Laws.**    The presumption is that the
common law prevailed in Illinois, and a statute of that State,
similar to our own in relation to liability on connecting lines,
could not be considered, unless introduced in evidence.

5. **JUSTICES OF THE PEACE: Pleading: Amendments.**    Where
there is no statement of any cause of action against some of
several defendants, sued before a justice of the peace, there
was nothing by which to amend as to them in the circuit court.

6. ———: ———: **Void Judgment: Appeals.** A judgment rendered before a justice of the peace was void as to those defendants against whom no cause of action is stated and there was nothing to appeal from.

7. ———: ———: **Waiver: Jurisdiction.** And such defendants did not waive the want of jurisdiction in the circuit court to hear the case on appeal, by appearing to an amended complaint filed in that court and going to trial.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED.

*W. F. Evans* for appellant.

(1) Under the contract in the case at bar, the liability of the appellant ceased at the end of its own line. By said contract the appellant undertook to forward or transport the property only to the end of its own line, and deliver it to a connecting carrier, and that it should not be liable for damages occurring beyond that point. Patterson v. Railroad, 56 Mo. App. 657; Minter Bros. v. Railroad, 56 Mo. App. 282; Orr v. Railroad, 21 Mo. App. 333; Snider v. Adams Express Co., 63 Mo. 376; Coates v. U. S. Express Co., 45 Mo. 238; Dimmit v. Railroad,- 103 Mo. 433. (2) Section 5222, R. S. 1899, has no application to this case or to the questions raised by this appeal. That statute refers and applies exclusively to shipments that originate in this State, and not to shipments in other States. It can not have any extraterritorial force. Stanley v. Railroad, 100 Mo. 435; Connell v. Western Union Tel. Co., 108 Mo. 459; Said v. Stromberg, 55 Mo. App. 438; First National Bank v. Hughes, 10 Mo. App. 7; State v. Gritzner, 134 Mo. 512. (3) It is well settled that a local agent of a railroad company has no authority to make a contract to transport freight beyond the end of the line of his company. Sew. Mach. Co. v. Railroad,

70 Mo. 672; Turner v. Railroad, 20 Mo. App. 632. (4) The contract should be construed so as to give force and validity to all of its provisions, and so as to make them consistent with each other. Pensacola Gas Co. v. Lotzes, 2 So. 609; 2 Parsons on Contracts, 639; Fire Ins. Co. v. Roast, 45 N. E. 1097; Railroad v. Railroad, 44 O. St. 287. (5) As there was no petition, statement or cause of action filed in the justice's court against the appellant it was erroneous for the circuit court to allow an amended petition to be filed, or the original petition changed or redrafted against the Rock Island Company. Brashears v. Strock, 46 Mo. 221; Mortimer v. Yocum, 44 Mo. App. 277; Paddicord v. Railroad, 85 Mo. 160; Odle v. Clark, 2 Mo. 13; Brennen v. McMenamy, 78 Mo. App. 122; Barr v. Blomberg, 37 Mo. App. 605; Rosenberg v. Boyd, 14 Mo. App. 429. (6) As there was no petition, statement or cause of action filed in the justice's court against the appellant, the circuit court had no jurisdiction to allow the petition to be amended or redrafted against the appellant. (7) The same cause of action, and no other, that was tried before the justice shall be tried before the circuit court upon an appeal. R. S. 1899, sec. 4077. (8) In order to sustain judgment in the appellate court the petition of the plaintiff must state a cause of action. Nance v. Railroad, 79 Mo. 196; Peltz v. Eichele, 62 Mo. 171; State ex rel. v. Griffith, 63 Mo. 545; Bateson v. Clark, 37 Mo. 31.

*Jacob Oppenheimer* for respondent.

(1) The contract or bill of lading issued by the Chicago, Rock Island & Pacific Railroad Company was an agreement to transport the goods of plaintiff from Joliet, Illinois, to Crocker, Missouri. It was a through contract, wherein and whereby the Chicago, Rock Island & Pacific Railroad Company specifically agreed to

carry respondent's goods to their destination, Crocker, Missouri. McCann v. Eddy, 133 Mo. 59; Elevator Co. v. Railroad, 138 Mo. 658; Eckels v. Railroad, 72 Mo. App. 296; Davis v. Railroad, 126 Mo. 69; Marshall & Antles v. Railroad, 74 Mo. App. 81; Jones v. Railroad, 89 Mo. App. 658. (2) The contract was made in the State of Illinois, and hence that law governs. Revised Statutes of 1898, of the State of Illinois, section 96, page 1255, reads as follows: "That whenever any property is received by any railroad corporation to be transported from one place to another within or without this State, it shall not be lawful for said corporation to limit its common law liability, safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for the safe delivery of such property." 160 Ill. 650; 194 Ill. 9; Railroad v. Smith, 74 Ill. 197; Railroad v. Boyd, 91 Ill. 268; Merchants' Dispatch Transportation Co. v. Furthmann, 149 Ill. 66. (3) The rule is that where goods are delivered to a railway company marked to a place not upon the line of its road, but beyond the same, . . . the law will imply an undertaking on the part of the carrier to transport and deliver the goods at the place to which they are marked. (4) When a common carrier undertakes to limit its liability by a special agreement with the shipper, it can claim nothing beyond what is plainly within the words employed in the contract. Richardson v. Railroad, 149 Mo. 311. (5) The petition filed in the justice court stated a cause of action; all the elements essential to a contract were therein stated. It showed relationship between the parties, consideration and non-compliance on the part of the appellant. Revised Statutes 1899, sec. 3957, permits the bringing in of parties, plaintiff or defendant, and allows mistakes to be corrected, such as was done in this case. 73 Mo. App. 117; 63 Mo. App. 540; 59 Mo. App. 347. (6)

Plaintiff's petition stated a cause of action in the justice court, and the mere change of a title of a suit by bringing in a party defendant, or by interlineation of its name in the circuit court, after an appeal, does not constitute the making of a new suit. Church v. Railroad, 119 Mo. 203. Whenever a petition is defective or ambiguous, plaintiff should be allowed to amend. Price v. Ins. Co., 3 Mo. App. 262. (7) What constitutes a cause of action? The courts have laid down the rule that, if the same evidence will support the petition after amendment, and the same measure of damages will apply to the amended petition, it does not change the cause of action. Scovill v. Glasner, 79 Mo. 449; Sims v. Field, 24 Mo. App. 557; Lincoln v. Railroad, 75 Mo. 27; Moody v. Railroad, 68 Mo. 470; Lawrence v. Railroad, 61 Mo. App. 62; Lustig v. Cohn, 44 Mo. App. 271; Heman v. Fanning, 33 Mo. App. 50; Webb v. Robertson, 74 Mo. 380; Sturges v. Botts, 24 Mo. App. 282; Conn v. McCullough, 14 Mo. App. 584. (9) "The circuit court may permit a correction of a name of a defendant in the account where he is the appellant, so as to make it correspond with the name signed to the appeal bond." Murphy v. Sen, 3 Mo. App. 594; Dowdy v. Warnkey, 110 Mo. 280. An amendment is allowed by interlineation, by adding or striking out the name of a party defendant. South Joplin Land Co. v. Case, 104 Mo. 572.

STATEMENT.

This proceeding was commenced before a justice of the peace of the city of St. Louis, by lodging the following complaint:

"M. B. Nenno, plaintiff, v. St. Louis and San Francisco Railroad Company, a corporation, and Chicago, Peoria & St. Louis Railroad Company, a corporation, defendants.

"Plaintiff for his cause of action against the defendants alleges that on or about the eighth day of November, 1901, he delivered to the Chicago, Peoria & St. Louis Railroad Company, certain household goods to be shipped from Joliet, Illinois, to Crocker, Missouri; that at the time of the arrival of said household goods a number of articles had been taken from the car, a list of which is hereto attached and made a part hereof.

"That plaintiff paid the regular charges demanded by said defendants for the safe transporation of said goods.

"Wherefore," etc.

Preceding trial, the justice dismissed the action as to the Chicago, Peoria & St. Louis Railroad Company, and upon the following application:

"Comes now the plaintiff in the above entitled cause and moves the court to make the Chicago, Rock Island & Pacific Railroad Company, a corporation, and the Terminal Railroad Association of St. Louis, a corporation, parties defendant in the above cause, and to issue summons against said parties for the reason that they should be brought into court as defendants in said cause for the proper determination of the plaintiff's rights," issued writs for the corporations thus made defendants which were served, and September 13, 1902, the cause was tried by the justice, and judgment rendered against the Chicago, Rock Island & Pacific Railroad Company, the St. Louis and San Francisco Railroad Company and the Terminal Railroad Association, which defendants jointly appealed to the circuit court. When the case was called for trial anew, appellant objected to introduction of any evidence, assigning that the statement filed before the justice did not state any fact upon which a judgment could be based against it; whereupon plaintiff was permitted to amend by striking out the

words "Chicago, Peoria & St. Louis Railroad Company" and interlineation of the words "Chicago, Rock Island & Pacific Railroad Company" and "through the carelessness and negligence of defendants," so that the amended statement thus appeared:

"M. B. Nenno, Plaintiff, v. St. Louis & San Francisco Railroad Company, a corporation, and Chicago, Peoria & St. Louis Railroad Company, a corporation, defendants.

"Plaintiff for his cause of action against the defendants alleges that on or about the eighth day of November, 1902, he delivered to the Chicago, Rock Island & Pacific Railroad Company, Terminal Railroad Association of St. Louis and St. Louis and San Francisco Railroad Company certain household goods to be shipped from Joliet, Illinois, to Crocker, Missouri; that at the time of the arrival of said household goods a number of articles had been taken from the car through the carelessness and negligence of defendants, a list of which is hereto attached and made a part hereof. That plaintiff paid the regular charges demanded by said defendants for the safe transportation of said goods.

"Wherefore," etc.

The case progressed before the court as a jury, and plaintiff established delivery of household goods to the Rock Island corporation at Joliet, Illinois, November 8, 1901, for shipment to Crocker, Missouri, evidenced by bill of lading embracing among other terms the following:

"Received from M. B. Nenno in apparent good order, by the Chicago, Rock Island & Pacific Railway Company, the following described packages marked and numbered as per margin, subject to the conditions and regulations of the published tariff of said company, to be transported over the line of this railroad to (Peoria) and delivered, after the payment of freight, in like good order to the next carrier (if the same are

to be forwarded beyond the line of this company's road) to be carried to the place of destination; it being expressly agreed that the responsibility of this company shall cease at this company's depot at which the same are to be delivered to such carrier."

At terminus of the Rock Island line, the city of Peoria, Illinois, the shipment was delivered to the Chicago, Peoria & St. Louis Railroad Company, and by it transferred at East St. Louis to the Terminal Railroad Association, which in turn made delivery to the St. Louis & San Francisco Railroad Company to complete transportation to its destination. The testimony failed to show any injury or damage while in possession of appellant, but established the safe delivery of the property at Peoria to the connecting carrier.

From judgment in favor of its codefendants and against it, the Rock Island Company has appealed.

The trial court, refusing declarations of law asked by appellant, that no recovery could be had against it, that the original statement filed failed to state facts sufficient to entitle plaintiff to recover against it, and the amended statement constituted a departure, gave the following:

"The court declares the law to be that under the bill of lading or contract sued upon in this action, the defendant Chicago, Rock Island & Pacific Railroad Company, was charged with the duty of transporting the goods of plaintiff mentioned in the bill of lading, from Joliet, Illinois, to Crocker, Missouri, and if the court, sitting as a jury find from the evidence that the defendant Chicago, Rock Island and Pacific Railroad Company, did not so transport said goods, but transported them or caused or suffered the same to be transported over various connecting lines, and further finds that at the time said goods reached Crocker, Missouri, that a part thereof had been lost, stolen, or not delivered to plaintiff in the same condition in which they were re-

ceived, then the court sitting as a jury will find a verdict for plaintiff and against the Chicago, Rock Island and Pacific Railroad Company in such sum as from the evidence the court may find that he has sustained by reason of the premises."

REYBURN, J. (after stating the facts as above.) — 1.  In Coates v. U. S. Express Co., 45 Mo. 238, the Supreme Court of this State repudiated the English doctrine, that a carrier knowingly receiving a parcel consigned to a given place, contracted to carry it there unless a different understanding was made known to the owner, and approved the American rule then prevailing, to the effect that no responsibility as a carrier is imposed upon the receiving carrier beyond its own line after due care in forwarding; unless business usage, the custom of the carrier or its conduct showed that it received the freight as carrier for the whole route.   The subject is now controlled in this State, as in many other States, by statute.   The thirtieth general assembly, by act approved June 11, 1879, Laws of Missouri, 1879, p. 171, provided that a common carrier receiving property for transportation from one point to another within or without this State, should be liable for loss caused by its own negligence or the negligence of any other carrier over whose lines the property might pass and conferring upon the carrier receiving the shipment, recourse against the negligent carrier for damages it was required to pay, and this act has continued the law of the State. R. S. 1889, sec. 944.   This legislation has received the consideration of the Supreme Court in numerous cases and has been adjudged valid, and not repugnant to any provision of the State or federal constitution, and it was further held by that tribunal that the receiving carrier might, by special contract, restrict its liability to such loss or damage only as occurred upon its own

line.   Dimmitt v. Railway, 103 Mo. 433; Nines v. Railway, 107 Mo. 475.

However, in the later case of McCann v. Eddy, 133 Mo. 59, the rule was abridged to the extent that such carrier can not contract for a through shipment to a point beyond its own line and at the same time exempt itself from liability for negligence, of the connecting or forwarding carriers completing the transportation. The ruling of the Supreme Court in the last cited case was affirmed by the Supreme Court of the United States (174 U. S. 580), which last decision was invoked in the last consideration of the act by the Supreme Court of Missouri.   Western, etc., Co. v. Railway, 76 S. W. 998.

The shipment of the goods and the contract of transporation were made in the State of Illinois, at Joliet, and in absence of the above statute, the receiving carrier could limit its common law liability, and would not be liable beyond its own line.   Snider v. Adams Ex. Co., 63 Mo. 376; Coates v. Railway, supra; Dimmitt v. Railway, supra.

It has not escaped notice that the bill of lading is silent as to the connecting point over the line of appellant, to which the shipment was to be transported, probably by omission to properly fill up the blank in the bill of lading for such insertion; but it is clear from the general terms of this evidence of the contract between the carrier and the shipper, that transportation merely to its terminal point and delivery there to the connecting carrier was intended.

In the case of Minter v. Railway, 56 Mo. App. 282, a like omission is perceived and thus disposed of by the court:

"We do not think the fact that the name of the station where the transition on its line ended was not mentioned in the bill of lading is of importance.   Its exemption from liability under the special agreement set

forth in the bill of lading begun after it had safely, and without unreasonable delay, transported and delivered the plaintiff's oats to the connecting carrier. The language of the exemption clause was, we think, sufficiently specific for every purpose.''

The same inaccuracy is manifest in the bill of lading considered by this court in Patterson v. Railway, 56 Mo. App. 657, and was regarded by the court as immaterial, and not affecting the restriction of the liability in the contract.

Respondent in argument invoked a statute of the State where the delivery of the goods to the first carrier was made, but it can not be considered, as no proof was introduced of its existence and the presumption obtains that the common law prevailed in that State.   Edwards, etc., Co. v. Stevenson, 160 Mo. 516.   No presumption can be indulged that the State of Illinois has enacted statutory laws identical with or similar to those of this State (Morrissey v. Wiggins Ferry Co., 47 Mo. 521); hence the liability of appellant as carrier was restricted to its own line, and converted into that of forwarding agent of the shipper for the connecting lines, completing the transporation as the Missouri statute was inoperative and could have no effect extraterritorially upon the agreement made in a sister State.   Connell v. W. U. Tel. Co., 108 Mo. 459; Stanley v. Railway, 100 Mo. 435; State v. Gudener, 134 Mo. 572.

2.   The complaint filed before the justice of the peace nowhere connects the Frisco Railroad with the reception or shipment of the goods, and hence no cause of action was stated against that company.   The Rock Island and Terminal Companies were summoned on the motion of plaintiff to defend a cause of action, of which there was no statement whatever filed before the justice.   The Peoria, the only company against which any cause of action was stated, was dropped from the suit and a judgment was rendered by the justice against the

Frisco, Rock Island and Terminal Companies, from which they appealed. In the circuit court there was filed what is termed "an amended complaint" upon which the cause was tried. This complaint, though termed "an amended complaint," is in fact an original statement. It could not be otherwise, for the reason there was no statement whatever of a cause of action filed before the justice of the peace against these defendants, therefore, there was nothing by which to amend in the circuit court. Brashears v. Strock, 46 Mo. 221; Peddicord v. Railway, 85 Mo. 160; Rechnitzer v. Candy Co., 82 Mo. App. 311. There being no statement of a cause of action filed before the justice, his judgment, as is shown by his transcript, was an absolute nullity. Ex Parte O'Brien, 127 Mo. 477. There was, therefore, nothing to appeal from. Defendant objected to the amended statement filed in the circuit court. The defect, therefore, of the want of any statement by which to amend, was not waived by going to trial. Brashears v. Strock, 46 Mo. l. c. 223. To obtain jurisdiction of a cause three things are necessary. Black in his work on judgments (vol. 1, sec. 242) said: "First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And third, the point decided must be, in substance and effect, within the issue." In Railway Company v. State, 55 Ark. l. c. 205, the court said: "Jurisdiction is defined to be 'the right to adjudicate concerning the subject-matter in the given case.'" In Babb v. Bruere, 23 Mo. App. 604, jurisdiction is defined to be "the power to hear and determine the particular cause." In Hope v. Blair, 105 Mo. 85, it is said there are three essentials to jurisdiction. "First, the court must have cognizance of the class of cases to which the one adjudged belongs. Second, the proper parties must be present. And third, the point decided must be, in substance and effect,

within the issue," thus approving and adopting the definition of jurisdiction given by Black in his excellent work on judgments.

One of the essential ingredients to vest jurisdiction in the justice was absent, that is, there was no issue presented by any statement or pleading of any cause of action whatever filed before him. He was, therefore, without jurisdiction to hear and determine any subject-matter pending before him. The justice being without jurisdiction none was conferred on the circuit court by appeal (Turk v. Funk, 68 Mo. 18; Sandige v. Hill, 70 Mo. App. 71), and it was not competent for the parties to confer jurisdiction on the circuit court by appearing and going to trial. White v. Railway, 72 Mo. App. 400; Bank v. Doak, 75 Mo. App. 332; Belshe v. Lamp, 91 Mo. App. l. c. 479; Fields v. Maloney, 78 Mo. 172; Barnett v. Railroad, 68 Mo. 56.

The judgment is therefore reversed. *Bland, P. J., and Goode, J.,* concur.