NATIONAL TELEPHONE DIRECTORY COMPANY, Respondent, v. MERMOD, JACCARD & KING JEWELRY COMPANY, Appellant.

### St. Louis Court of Appeals, July 15, 1911.

1. **JUSTICES' COURTS: Pleading: Filing Written Contract.** A written instrument, filed in a justice's court, which authorized the insertion of an advertisement, for which the advertiser agreed to pay a fixed sum, on it appearing, before a certain date, that sales to a given amount could be traced to the advertisement, was sufficient as the basis for the suit, under section 7413, Revised Statutes 1909, without any statement or pleading being filed.

2. **APPELLATE PRACTICE: Presumptions in Support of Judgment.** In the absence of a bill of exceptions, it will be assumed, on appeal, in support of a judgment for plaintiff, that sufficient evidence, outside of the recitals of the instrument filed as the basis of the suit in a justice's court, was adduced to establish defendant's liability under such instrument.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*R. L. McLaran* for appellant.

*Bernard Greensfelder* for respondent.

Plaintiff has complied with the requirements of section 7412 and 7413 of the Revised Statutes of Mis-

souri, 1909, by filing before the justice the instrument sued on. Herrick v. Maness, 142 Mo. App., 399; Calmes v. Haight & Co., 85 Mo. App., 362; Rhea v. Mfg. Co., 81 Mo. App., 400; Haynes v. R. R., 54 Mo. App., 582; Boefer v. Sheridan, 42 Mo. App., 226.

CAULFIELD, J.—Suit originating before a justice of the peace for breach of contract. The plaintiff had judgment, and the defendant has appealed. No bill of exceptions was filed and the only question before us arises upon the record proper. Plaintiff did not file any statement or pleading as such before the justice, but commenced its suit before the justice by filing an instrument of writing, executed by the defendant, as follows:

"$275.00                      St. Louis, Aug. 3rd, 1907.
National Telephone Directory Co.
       Frisco Building.

You are hereby authorized to insert one page advertisement for which we will furnish copy, to occupy inside front cover in the St. Louis classified telephone directory for one issue, commencing September, for which we will pay you, or order, the sum of $275.00. The sum of $275.00 subject to conditions on the back of this contract.

                    MERMOD & JACCARD JEWELRY CO.,
                              Per Weiss, Ad. Mgr."

On the above instrument the following endorsement appears:

"It is mutually agreed that a key shall be used in connection with the within advertisement, for the purpose of tracing sales thereto, and if said sales amount to $750, prior to the issue of the January directory, then the Mermod, Jaccard, King Co., agrees to pay the National Telephone Directory Company, or order, the sum of $275.

"It is understood that the cost of the plates

from which the advertisement is to be printed shall
be paid by the Mermod, Jaccard, King Company."

Defendant contends in effect that the filing of
such an instrument cannot be a compliance with
section 7413 of the Revised Statutes of 1909, which
provides that "when the suit is founded upon any
instrument of writing purporting to have been exe-
cuted by the defendant, and the debt or damages
claimed may be ascertained by such instrument, the
same shall be filed with the justice, and no other
statement or pleading shall be required."

It appears to be conceded that the instrument
filed was "executed by the defendant" and that the
damages claimed may be "ascertained" by it, but
the defendant asserts that it is not a "written obliga-
tion," nor a "contract," but is a mere "offer" which,
until accepted by the plaintiff, created no liability;
that "it is nothing but a portion of the plaintiff's evi-
dence wholly insufficient by itself to constitute a
written obligation on the part of the defendant." De-
fendant also adopts as a portion of its argument the
following language used by Judge BOND in Rechnitzer
v. St. Louis Candy Company, 82 Mo. App. 311: "That
order is not the foundation of the suit for services
rendered; it is only evidence of the authority to per-
form services; it is no evidence of the actual perform-
ance of such services and unless this was shown, no
cause of action could arise, hence we do not see how
the filing of a portion of the plaintiff's evidence could
validate an abortive statement of his cause of ac-
tion." Summed up, defendant's contention seems to
be, that in order for the filing with the justice to be
sufficient by way of pleading, the instrument must
itself evidence that plaintiff assented to its terms
and rendered full performance on its part. The in-
firmity of this contention lies in the circumstance
that the whole matter is governed by the statute
and the statute does not require that the instrument

possess the qualities mentioned. The statute, so far as concerns this case, requires nothing more than the suit be "founded upon" the instrument, and we are not aware that in order for a suit to be founded upon an instrument the latter must constitute plaintiff's entire evidence or carry on its face all the evidence necessary to make defendant's obligation effective and presently enforceable. It is too evident to need serious presentation that if defendant executed and delivered the instrument sued on and plaintiff duly assented to its terms, met its conditions and rendered performance on its part, but defendant failed or refused to pay the sum stipulated as agreed, plaintiff would have an action against the defendant founded on the instrument; and this, too, though evidence *aliunde* might be necessary to prove such execution, delivery, assent and performance. Such proof would merely establish that plaintiff's action is founded on the instrument, which alone prescribes the terms, and measures the extent, of defendant's obligation. The suit, in such case, would be for breach of defendant's obligation contained in the instrument, and not "for services." It would be founded on the instrument of writing. Under these circumstances the Legislature has seen fit to provide that the filing of the instrument with the justice is sufficient without any other pleading or statement. Such filing is deemed sufficient to properly apprise defendant of the extent and nature of plaintiff's claim and to let in all the evidence necessary to prove that defendant's obligation contained in the instrument is effective and presently enforceable. We hold that in the case at bar the filing of the instrument was sufficient by way of pleading on plaintiff's part, and in the absence of a bill of exceptions, the judgment being for plaintiff, we assume that sufficient evidence *aliunde*, was adduced to establish defendant's present liability thereon. This holding we conceive to be in accordance with those in Collins

v. Burrus, 66 Mo. App. 70, and Collins v. Kammann, 55 Mo. App. 464. The language defendant relies on from Rechnitzer v. St. Louis Candy Co. was not necessary to the decision of that case, and in so far as it may be considered contrary to the view herein expressed, is disapproved. The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.